IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Petitioner,                      No. CIV S-07-1136 LEW EFB P

    vs.

JASON STEWART,

        Respondent.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is detained by the Attorney General and the Department of Homeland Security, Bureau of Citizenship and Immigrant Services. He has filed a document styled, "Notice of Motion and Motion for Suspension of Deportation Proceedings," in which he seeks suspension of removal proceedings. For the reasons explained below, the court finds that this action should be dismissed for lack of subject-matter jurisdiction.

        The federal district courts lack jurisdiction to review matters related to removal proceedings. Instead, jurisdiction resides only in the circuit courts of appeal. *See* 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered

or issued under any provision of this chapter, except as provided in subsection (e)[1] of this section." Under certain circumstances, this court must transfer the action to the appellate court upon a finding of a lack of jurisdiction,. However, those circumstances are not present here. When a party mistakenly files a civil action, including a petition for review of administrative action, and the court finds that it lacks jurisdiction, it "shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought" at the time of filing. 28 U.S.C. § 1631. The appellate court has jurisdiction to review only final orders of removal. 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section."). Petitioner seeks an order suspending removal proceedings. He does not allege that there is a final order of removal. He therefore could not have brought this action in the appellate court at the time he filed in this court. Accordingly, transfer of this case is not appropriate.

For these reasons, it hereby is RECOMMENDED that this action be dismissed for lack of subject-matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

---

[1] This subsection provides for limited review via habeas corpus of orders of removal issued with respect to certain aliens who have arrived in the United States, but who have not been granted formal entry. *See*, 8 U.S.C. §§ 1252(e), 1225(b).

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: October 24, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3